**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff - Appellee,<br><br>   v.<br><br>NANCY OLIVER, doing business as<br>Safety Waste Incineration; JAMES<br>OLIVER, doing business as Safety Waste<br>Incineration,<br><br>            Defendants - Appellants. | No. 09-35740<br><br>D.C. No. 3:06-cv-00196-JWS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted July 26, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Nancy and James Oliver appeal the district court's grant of partial summary

judgment in favor of the United States and conclusion that they committed over

7,000 violations of the Clean Air Act ("CAA"). The Olivers also appeal the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

district court's imposition of a $75,000 civil penalty and issuance of a permanent injunction preventing them from continuing to incinerate medical waste.

The Olivers operated an incinerator that disposes of medical and industrial waste, but contend they did not have to comply with CAA emissions requirements for such incinerators because they qualified for the "co-fired combustor" exemption. 40 C.F.R. § 62.14400(a), (b)(2). A co-fired combustor is an incinerator for which medical waste comprises less than ten-percent of the weight of materials incinerated, including fuels. *See* 40 C.F.R. § 62.14490.

The district court correctly held that the Olivers did not operate a co-fired combustor. The Environmental Protection Agency determined that the air that is mixed with natural gas as it enters the combustion chamber is not a fuel. This determination is not contrary to or inconsistent with the regulation defining a co-fired combustor. *See United States v. Alisal Water Corp.*, 431 F.3d 643, 651-52 (9th Cir. 2005). Indeed, in common English usage, air is not considered to be a "fuel." The Olivers' proposed construction of the co-fired combuster exemption would allow incinerators that dispose of exclusively medical waste to avoid CAA emissions requirements. *See id.*

The district court did not abuse its discretion in imposing a $75,000 civil penalty. The court weighed the factors required by the CAA, and imposed a much

2

smaller penalty than that sought by the government due to the small size of the Olivers' business. *See* 42 U.S.C. § 7413(e)(1). The district court also did not abuse its discretion in issuing a permanent injunction preventing the Olivers from incinerating medical waste until they demonstrate they can do so while complying with the CAA. *See Natural Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 1000 (9th Cir. 2000).

**AFFIRMED**.